IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

<table>
<tr><td>81-20 GRAIN, LLC, a Nebraska Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>SHAUN GUTHMILLER, and RYAN GUTHMILLER,<br><br>    Defendants.</td><td><br><br>**8:22CV329**<br><br><br>**ORDER REGARDING SUGGESTION OF BANKRUPTCY BY DEFENDANT SHAUN GUTHMILLER**</td></tr>
</table>

This case is before the Court on defendant Shaun Guthmiller's Suggestion of Bankruptcy. Filing 38. In his Suggestion of Bankruptcy, Shaun Guthmiller gives notice that on April 3, 2024, he filed a Petition in Bankruptcy in the United States Bankruptcy Court for the District of South Dakota, Bankruptcy No. 24-40095. Filing 38 at 1. He represents further that this cause of action was scheduled in his bankruptcy case. Filing 38 at 1. Consequently, he asserts that further proceedings in this case are stayed under the provisions of 11 U.S.C. § 362. Filing 38 at 1.

The automatic stay provision in § 362 provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C. § 362(a)(1). It does not appear that any of the exceptions in § 362(b) are applicable in this case. 11 U.S.C. § 362(b). Thus, the stay provision applies in this case.

That does not mean that the entire case must be stayed.

1

> The automatic stay does not, in general, apply to actions against third parties. *See, e.g., Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999) (holding that an automatic stay applicable to a defendant firm and one of its employees did not extend to nonbankrupt codefendants). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *Croyden Assoc's v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir.1992) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). "The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare." *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir.2011).

*In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *see also* NEGenR 1.5(a)(1) (recognizing that a civil case may proceed as to the parties not in bankruptcy). Since Shaun Guthmiller filed his Suggestion of Bankruptcy on April 17, 2024, no party has filed a motion requesting application of the stay beyond the debtor, Shaun Guthmiller, or requesting referral of this case to the bankruptcy court. *See* NEGenR 1.5(a)(1) (providing for a party to request such a referral). Therefore, until and unless some party requests application of the stay beyond the debtor or requests referral of this case to the bankruptcy case, this case may proceed as between plaintiff 81-20 Grain, LLC, and non-bankrupt defendant Ryan Guthmiller. However, the Court must enter an Order staying further proceedings in this case as to Shaun Guthmiller. *See* NEGenR 1.5(a)(1).

Accordingly,

IT IS ORDERED that this case is stayed against defendant Shaun Guthmiller pursuant to the automatic stay provision of 11 U.S.C. § 362(a)(1) and NEGenR 1.5(a)(1). This case may proceed as between plaintiff 81-20 Grain, LLC, and non-bankrupt defendant Ryan Guthmiller until and unless the Court orders otherwise.

Dated this 26th day of April, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge

2